UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARY D., | Case No. 2:24-cv-00237-NJK |
| Plaintiff(s), | **ORDER** |
| v. | [Docket Nos. 11, 13] |
| CAROLYN COLVIN, | |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title XVI of the Social Security Act. Currently before the Court is Plaintiff's opening brief seeking remand. Docket No. 11. The Commissioner filed a responsive brief in opposition. Docket No. 13.[1] No reply was filed. The parties consented to resolution of this matter by the undersigned magistrate judge. *See* Docket Nos. 3-4.

**I.   STANDARDS**

A.   Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§

---

[1] A number of pin-citations in the Commissioner's briefing are wrong, both in citations to the record and to the case law. The Commissioner must be more accurate moving forward.

404.1520(b), 416.920(b).[2]  The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

      B.    Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

**II.   BACKGROUND**

      A.    Procedural History

On January 20, 2020, Plaintiff filed an application for disability benefits with an alleged onset date of January 1, 2020. *See, e.g.*, Administrative Record ("A.R.") 251-53. On February 9, 2021, Plaintiff's application was denied initially. A.R. 146-50. On July 28, 2021, Plaintiff's claim was denied on reconsideration. A.R. 154-60. On August 30, 2021, Plaintiff filed a request for a

---

[2] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

hearing before an administrative law judge. A.R. 163-65. On August 22, 2022, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Cynthia Hoover. *See* A.R. 85-104. On December 8, 2022, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 63-84. Plaintiff submitted additional records to the Appeals Council. A.R. 8-45. On December 7, 2023, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-7.

On February 2, 2024, Plaintiff commenced this suit for judicial review. Docket No. 1.

B.     The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920. A.R. 67-78. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. A.R. 68. At step two, the ALJ found that Plaintiff has the following severe impairments: abnormality of major joints, obesity, depression, anxiety, and posttraumatic stress disorder (PTSD). A.R. 68. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 68-70. The ALJ found that Plaintiff has the residual functional capacity to

> perform light work as defined in 20 CFR 416.967(b) except for the following limitations. The claimant can occasionally reach overhead with the left upper extremity and frequently reach in all other directions with the left upper extremity. The claimant can understand, remember, and carry out simple tasks with sufficient concentration, persistence, and pace for such tasks. The claimant can have occasional contact with the public, coworkers, and supervisors.

A.R. 70-76. At step four, the ALJ found Plaintiff had no past relevant work. A.R. 76. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and residual functional capacity. A.R. 76-77. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 as of the date the application was filed who had since transitioned to the age category of closely approaching advanced age, with limited education. A.R. 76. The ALJ found the transferability of job skills to

be immaterial. A.R. 76. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a marker, cleaner, and small products assembler I. A.R. 76-77.

Based on all of these findings, the ALJ found Plaintiff not disabled since the date the application was filed. A.R. 77.

**III. ANALYSIS**

Plaintiff brings a single argument on appeal: that the ALJ erred in discounting her testimony of debilitating physical and mental conditions. *See* Docket No. 11 at 5-9. The Commissioner responds that the ALJ properly discounted Plaintiff's testimony as, *inter alia*, (1) inconsistent with the medical record, (2) undermined by the effectiveness of her treatments, and (3) inconsistent with her daily activities. Docket No. 13 at 4-9; *see also id.* at 9 (arguing harmless error). The Court agrees with the Commissioner.

The ALJ is required to engage in a two-step analysis to evaluate a claimant's testimony as to pain and other symptoms: (1) determine whether the individual presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of pain or other symptoms alleged; and (2) if so, whether the intensity and persistence of those symptoms limit an individual's ability to perform work-related activities. *See* Social Security Ruling 16-3p. In the absence of evidence of malingering, an ALJ may only reject a claimant's testimony about the severity of symptoms by giving specific, clear, and convincing reasons. *See Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). Factors that an ALJ may consider include inconsistent daily activities, an inconsistent treatment history, and other factors concerning the claimant's functional limitations. *See* Social Security Ruling 16-3p. If an ALJ's determination to discount a claimant's testimony is supported by substantial evidence, a court should not second-guess that determination. *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012).[3] "Where evidence is susceptible to more

---

[3] The regulations previously asked the ALJ to assess "credibility." Social Security Ruling 96-7p. The regulations now require the ALJ to "evaluate" the claimant's statements. Social Security Ruling 16-3p. This change does not alter the deferential nature of the Court's review.

4

than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

At step two of the above analysis, the ALJ discounted Plaintiff's testimony of disabling conditions based on a number of reasons, including that the testimony was contradicted by the medical record, undermined by the efficacy of treatment, and inconsistent with her daily activities. *See, e.g.*, A.R. 71-75. Plaintiff fails to grapple with the ALJ's findings on these considerations on appeal and, as a result, waived any related argument. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).[4] Given the applicable harmless error analysis, this waiver alone dooms Plaintiff's appeal. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).[5]

Even were the Court not to find waiver, the ALJ's findings in discounting Plaintiff's testimony are well supported by the medical record. With respect to ambulation, as an example, Plaintiff testified that she "can't even walk" on her left leg at all and that she must use a walker because she "can't walk on her own." A.R. 96. As the ALJ explained in her decision, however, the medical record includes numerous contrary indications. *See, e.g.*, A.R. 917 (examination notes from June 7, 2022, indicating that Plaintiff was "able to walk on heels, able to walk on toes, able to do tandem gait . . ."); A.R. 1001 (examination notes from October 25, 2022, indicating that Plaintiff "is walking daily for exercise"); A.R. 1039 (examination notes from July 19, 2021, indicating that Plaintiff "is walking 30 minutes a day for exercise"). As another example, Plaintiff testified to the ALJ that she does not perform household chores given the severity of her conditions, *see* A.R. 92-93; *see also* A.R. 283 ("I don't do any cleaning"); A.R. 320 (rather than listing household chores, representing that "I don't do anything"), but the medical record includes

---

[4] At best, Plaintiff skirts the pertinent issues by conflating them with other issues. For example, Plaintiff notes the finding of effective treatment, but then conflates that issue with the ALJ's reference to the treatment being conservative. *See* Docket No. 11 at 7-8. Plaintiff does not provide argument that the ALJ's reliance on the efficacy of treatment was unsupported by substantial evidence or constituted legal error.

[5] The Court must question whether a sufficient basis exists for Plaintiff's appeal and, again, admonishes counsel that he must ensure that he is complying with his Rule 11 obligations. *See also, e.g.*, *Sartor v. Colvin*, 2015 WL 5980617, at *6 (D. Nev. Aug. 10, 2015).

indications that Plaintiff was engaged in significant household work, *see, e.g.*, A.R. 893 (Plaintiff "admits to doing a lot of household work"); A.R. 699 (Plaintiff is "taking care of household"). In addition to being supported by substantial evidence, the factors identified by the ALJ are also appropriately considered in this context. *See, e.g.*, *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) (contradiction with medical record); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (effective treatment); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (daily activities).[6,7]

In short, the ALJ's decision is supported by substantial evidence and free from legal error.

**IV.   CONCLUSION**

The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: January 15, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[6] In light of the above, the Court need not opine on whether the ALJ appropriately characterized Plaintiff's treatment as conservative because the ALJ's decision would be affirmed regardless. *Carmickle*, 533 F.3d at 1162-63. The Court notes, however, that Plaintiff's argument regarding injections is contradicted by case law. *See, e.g.*, *Bartlett v. Kijakazi*, 2022 WL 2274458, at *4 (D. Nev. June 21, 2022).

[7] Plaintiff makes the conclusory assertion that the ALJ failed to identify the testimony she discounted and to tie the evidence in the record to that finding. Docket No. 11 at 6. The Court need not address issues raised in cursory fashion. *See, e.g.*, *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Even were the Court to consider this argument, it fails on its merits. *Cf. Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).